UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

WARREN CRITTENDEN, MARK )
LECHTENBERG, BILL MITCHELL, and )
MICHAEL SCHMAUSS, )
                 Plaintiffs, )
v. ) Case No. 12-CV-0156-CVE-TLW
STANLEY GLANZ, Sheriff of Tulsa )
County in his Official Capacity, and BOARD )
OF COUNTY COMMISSIONERS OF )
TULSA COUNTY, )
                 Defendants. )

**OPINION AND ORDER**

Now before the Court is Plaintiff's [sic] Motion for Remand and Incorporated Memorandum of Law (Dkt. # 14). Plaintiffs argue that removal of this action is barred by 28 U.S.C. § 1445(c), which prohibits removal of civil actions arising under state workers' compensation laws. Defendant argues that removal was proper because the workers' compensation claims were fraudulently joined.

**I.**

On November 23, 2011, plaintiffs filed a lawsuit in Tulsa County District Court against their former employers, defendants Stanley Glanz and the Board of County Commissioners of Tulsa County. The petition alleges the following five separate causes of action: (1) violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., on behalf of all plaintiffs against both defendants; (2) violation of the Oklahoma Workers' Compensation Act, Okla. Stat. tit. 85, § 341, on behalf of all plaintiffs against both defendants; (3) intentional infliction of emotional distress on behalf of all plaintiffs against both defendants; (4) discrimination based on age on behalf of

plaintiff Mitchell against both defendants; and (5) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), on behalf of plaintiff Lechtenberg against both defendants. Dkt. # 2-1. Defendants removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.

The district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United Staes." 28 U.S.C. § 1331. Removal to federal court is authorized for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). However, this provision is subject to the restriction provided in 28 U.S.C. § 1445(c), which states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Where a non-removable claim is joined with a federal claim, § 1441(c) provides that "the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."[1] "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such

---

[1] Congress recently amended § 1441(c) to state that where a federal claim is joined with a non-removable claim, "the district court shall sever from the action all [non-removable claims] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2). However, this amendment applies only to cases commenced on or after January 6, 2012. See 28 U.S.C. § 1441 (historical and statutory notes on 2011 Acts). An action "commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63. Because the state court action was commenced on November 23, 2011, the prior version of the statute must be applied to this case.

2

jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x. 775, 778 (10th Cir. 2005) (unpublished).[2]

### III.

Plaintiffs argue that their claims of retaliatory discharge in violation of OKLA. STAT. tit. 85, § 341 are claims arising under the workers' compensation laws of Oklahoma and, as such, are not removable pursuant to § 1445(c). Therefore, plaintiffs argue that, pursuant to § 1441(c), the Court should remand all claims because they arise out of the same occurrences. Defendants concede that the workers compensation claim is not removable and that all claims could therefore be remanded.[3] However, defendants argue that the Court should not remand the case because the workers compensation claim has been fraudulently joined in order to thwart removal. Plaintiffs argue that the workers compensation claim was not fraudulently pled and that defendants have not met their burden to show fraudulent joinder.

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Defendants can prove fraudulent joinder by showing that either: (1) plaintiffs' jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiffs have no possibility of recovery against the non-diverse defendant. Slover

---

[2]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[3]   Defendants initially argued that the language of the current statute mandates that the Court sever the workers compensation claim and remand only that claim. Dkt. # 17. However, defendants sought leave to amend their response to plaintiff's motion, conceding that this case was filed prior to the effective date of the amended statute. Dkt. # 20 at 2. The defendants' amended response abandons any argument that the federal claims cannot be remanded with the non-removable claims should the Court find that remand of the workers' compensation claim is proper. Dkt. # 27.

v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If a defendant can show that a non-diverse defendant was fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over the case. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").

The doctrine of fraudulent joinder is normally applicable where a defendant asserts that a non-diverse party has been joined only to thwart removal based on diversity. However, that is not the scenario in this case where defendants assert that plaintiffs alleged non-removable causes of action in order to avoid removal. The Court has found no cases applying the doctrine of fraudulent joinder in this manner, and the parties have not cited any. In the absence of any legal authority, the Court is reluctant to apply the doctrine of fraudulent joinder in determining whether a non-removable claim was properly joined. "Congress enacted § 1445(c) to prevent the removal of workers' compensation claims that were otherwise adjudicated in federal court based on diversity jurisdiction. . . . Congress realized that removal of workers' compensation claims tended to undermine the states' procedures to evaluate and extinguish these cases." Vasquez v. Target Corp., No. 09-4061-JAR, 2009 WL 1764525, at *3 (D. Kan. June 22, 2009); see also Trevino v. Ramos, 197 F.3d 777, 781 (5th Cir. 1999) (stating that Congress enacted § 1445(c) "in an effort to control the ever-increasing flow of compensation cases into already strained federal dockets"). If the Court were to attempt to determine the potential fraudulence of the workers' compensation claims, it would be forced to conduct an inquiry into the merits of those claims, which is precisely what Congress sought to prevent in making such cases non-removable. To further Congress' purpose that

4

actions arising under state workman's compensation laws remain in state court, the Court declines to extend the doctrine of fraudulent joinder to § 1445(c). See Nava v. OneBeacon America Inc. Co., No. EP-10-CV-478-KC, 2011 WL 976506, at *6 (W.D. Tex. Mar. 15, 2011) (declining to extend fraudulent joinder to § 1445(c) cases).

The only remaining issue is whether, pursuant to the version of § 1441(c) in effect at the time this action was commenced, the Court should exercise its discretion to remand both the non-removable claims and the federal claims. In considering this question, other courts in this circuit have determined that where all of a plaintiff's claims arise from the same facts, "remand of the entire case, including the federal claims, is proper." Pulley v. Bartlett-Collins Co., No. 06-CV-198-TCK-SAJ, 2006 WL 3386909, at *3 (N.D. Okla. Nov. 21, 2006); see also Adams v. Unarco Indus., No. CIV-11-420-FHS, 2012 WL 381716, at *3 (E.D. Okla. Feb. 6, 2012). In this case, all of plaintiffs' claims arise from the same nucleus of facts - plaintiffs' employment with and alleged termination by defendants. Thus, the Court finds that remand of the entire case is proper.

**IT IS THEREFORE ORDERED** that Plaintiff's [sic] Motion for Remand and Incorporated Memorandum of Law (Dkt. # 14) is **granted**. The Court Clerk is directed to **remand** the case to the District Court of Tulsa County.

**DATED** this 31st day of July, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE